UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X  **NOT FOR PUBLICATION**
DONALD WILLIAMS,

       Plaintiff,

                                             MEMORANDUM & ORDER
  against                                    05-CV-428 (NGG)(LB)

THE NEW YORK CITY HOUSING AUTHORITY
and ZAFFUTO/D&S CONSTRUCTION,

       Defendants.
------------------------------------------------------------------X
GARAUFIS, United States District Judge.

      Plaintiff Donald Williams ("Plaintiff" or "Williams") is a *pro se* litigant who has brought suit against the New York City Housing Authority ("Defendant" or "NYCHA") and Zaffuto/D&S Construction ("Zaffuto" or "Defendant") (collectively, "the Defendants") under 42 U.S.C. § 1983, alleging that Zaffuto fraudulently and illegally rescinded an offer of employment in violation of Section 3 of the Housing and Urban Development ("HUD") Act of 1968.

      Defendants NYCHA and Zaffuto move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons set forth below, Defendant NYCHA's motion is GRANTED, and Plaintiff's complaint is dismissed with prejudice as to both Defendants.

**I.    Factual Background**

      Plaintiff has been a resident of the Arverne Public Housing Project in New York City since August 15, 2001. (Compl. ¶ 2, 8.) In or around 2001, Zaffuto received a contract from NYCHA to perform work in the Edgemere/Arverne Public Housing Project. (Id. ¶ 9.) On July 30 2001, Plaintiff "came to a verb[a]l agreement" with Zaffuto about "the security position" in the worksite. (Id. ¶ 7.) Plaintiff approached Defendant Zaffuto on August, September, and

1

October of 2001, and Defendant Zaffuto "failed to deliver the required position, after promising plaintiff that he would be hired as a Section 3 resident." (Id. ¶ 9.) On February 11, 2002, Plaintiff filed an administrative complaint with the U.S. Department of Housing and Urban Development ("HUD"), which found on June 13, 2003 that Zaffuto "is not obligated to hire security at the site, and that Zaffuto has hired more than 50 Section 3 resident[s]." (Id. ¶ 11-12.) Plaintiff filed this Complaint on January 25, 2005 seeking from the Defendants $300,000 in damages, interest, and costs. (Compl. ¶ 13.)

## II. DISCUSSION

Defendants now move to dismiss the complaint for failure to state a claim. Defendant NYCHA argues that Plaintiff's suit fails because the HUD Act provides no private right of action for project residents to enforce Section 3 requirements, and because Plaintiff's complaint is time-barred. (Def. NYCHA Mem. Supp. Mot. Dismiss 3-13.) Defendant Zaffuto urges dismissal on the basis that Plaintiff has no private right of action, because Plaintiff failed to exhaust administrative remedies, and on res judicata and collateral estoppel grounds because HUD denied Plaintiff's administrative complaint. (Markowitz Aff. ¶¶ 20.) Plaintiff opposes Defendants' motions, arguing that Section 3 does provide him with a right of action, the statute of limitations should be equitably tolled for the period of his administrative complaint, there is no requirement to exhaust administrative remedies, and the action is not precluded because HUD's complaint process did not afford him a full and fair opportunity to litigate the matter. (Pl's Mem. Opp. Mot. Dismiss 1-11.)

### A. Standard of Review

In reviewing a motion to dismiss for failure to state a claim brought pursuant to Fed R. Civ. P. 12(b)(6), the court must accept all factual allegations in the complaint as true and draw

2

all reasonable inferences from those allegations in the light most favorable to the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999). The complaint may be dismissed only if "it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hoover v. Ronwin, 466 U.S. 558, 587 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In deciding such a motion, the "issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996) (internal quotations omitted).

Because plaintiff is proceeding *pro se*, his pleadings must be read liberally and interpreted as raising the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

As a predicate matter, Plaintiff requests that this complaint be deemed as asserting a cause of action under 42 U.S.C. § 1983. (Pl. Mem. Opp. Mot. Dismiss at 11.) As Plaintiff is *pro se*, and therefore entitled to a liberal reading of his complaint, this court grants Plaintiff's application.

**B.     Statute of Limitations**

On March 3, 2006, I issued a Memorandum and Order ("M&O") in a companion case involving the same plaintiff and public agency, Williams v. NYCHA and Fervent ("Fervent"), No. 05-CV-539, *slip op.* (E.D.N.Y. Mar. 3, 2006), granting a motion to dismiss by NYCHA that is identical to the instant motion. In the Williams M&O, I found that, even assuming that

3

residents of public housing projects have a private right of action under Section 3 of the HUD Act, the action had to be dismissed because Plaintiff was "barred by the applicable statute of limitations from maintaining this lawsuit." Fervent, No. 05-CV-539, *slip op.*, at 5 (E.D.N.Y. Mar. 3, 2006). In New York, the statute of limitations for Section 1983 claims is three years. Connolly v. McCall, 254 F.3d 36, 40-41 (2d Cir. 2001). A Section 1983 claim accrues when the plaintiff learns or has reason to learn of the alleged injury that is the basis of the action. Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994). According to the Complaint and Plaintiff's opposition papers, the last possible date that he learned that he would not be hired by Zaffuto was in October 2001. (Compl. ¶ 9.) As the Complaint was filed on January 25, 2005, more than three years later, this action is barred under New York's three year statute of limitations.

I also adhere to my ruling in Fervent that Plaintiff's claim is not equitably tolled during the period that his administrative complaint was pending, inasmuch as the regulation setting forth the complaint form and procedures contains no tolling provision, and explicitly states that "nothing in subpart D [regarding complaint form and process] precludes a section 3 resident . . . from exercising the right, which may otherwise be available, to seek redress directly through judicial procedures." 24 C.F.R. § 135.76(j); see Fervent, No. 05-CV-539, *slip op.*, at 6 (E.D.N.Y. Mar. 3, 2006). Accordingly, Plaintiff's complaint must be dismissed for failure to state a claim because it is barred by the statute of limitations.

As I dismiss Plaintiff's complaint as time-barred, there is no need for this court to decide Defendants' other grounds for dismissal.

## IV. CONCLUSION

Defendant NYCHA's motion to dismiss is GRANTED. The Complaint is dismissed with prejudice as to both Defendants.

The court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August __, 2006  /s/ Nicholas G. Garaufis
Brooklyn, NY  NICHOLAS G. GARAUFIS
United States District Judge